IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-1778-ZLW-BNB

DALE HUFFMAN,

    Plaintiff,

v.

WESTMORELAND COAL COMPANY, a Delaware
corporation,

    Defendant.

___

ORDER OF DISMISSAL
___

    The matters before the Court are Plaintiff's Motion To Amend Second Amended Complaint and Defendant's Motion For Summary Judgment.  With respect to Plaintiff's motion to amend, Plaintiff fails to provide any reason why his proposed federal securities fraud claim could not have been pleaded in his original Complaint, his First Amended Complaint, or his Second Amended Complaint.  Th Court finds that Plaintiff has not shown good cause for amending his pleading after the Scheduling Order deadline pursuant to Fed. R. Civ. P. 16(b), and the motion to amend will be denied on that basis.

    With respect to Defendant's Motion For Summary Judgment, Plaintiff has confessed summary judgment as to certain claims including all of the federal claims pleaded in his Second Amended Complaint, and summary judgment will be entered as

to those claims.  Therefore, only supplemental state law claims remain.  Under 28 U.S.C. § 1367(c)(3), the District Court may decline to exercise supplemental jurisdiction over state claims where "the District Court has dismissed all claims over which it had original jurisdiction."  Further, the exercise of supplemental jurisdiction may be declined under 28 U.S.C. § 1367(c)(1) where "the claim raises a novel or complex issue of State law."  The court's discretion to exercise supplemental jurisdiction "should be exercised in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction,"[1] but "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."[2]

A central issue in this case is the enforceability of the Severance Offer despite Defendant's alleged unilateral mistake, where Plaintiff allegedly knew or should have known about the mistake.  Colorado law concerning the effect of a unilateral mistake under such circumstances is not settled.[3]  Moreover, the issue of whether and how state case law regarding unilateral mistake in the context of a motion for contract

---

[1] Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995), quoting Thatcher Enter. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990).

[2] United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

[3] See e.g. Powder Horn Constructors, Inc. v. City of Florence, 754 P.2d 356 (Colo. 1988); Shoels v. Klebold, 375 F.3d 1054, 1067-68 (10th Cir. 2004) ("[i]f the [defendants], like the sharp-dealing city in Powder Horn, had known of [the plaintiffs'] mistake, we would have to decide how the Colorado Supreme Court would apply Powder Horn's analysis in the context of a fully-formed contract.").

reformation[4] applies to the claims and defenses in this case, which do not expressly seek reformation, is not entirely straightforward.  Although discovery has been completed in this case and a dispositive motion has been filed, no trial date has been set, and the nature of the remaining state claims warrants their dismissal under 28 U.S.C. § 1367(c).  The discovery and research that the parties have already conducted can and should be used in the State Court proceedings.  Accordingly, it is

ORDERED that Plaintiff's Motion To Amend Second Amended Complaint is denied.  It is

FURTHER ORDERED that Defendant's Motion For Summary Judgment is granted as to the first, fourth, fifth, sixth, seventh, and ninth claims for relief, Plaintiff having confessed said claims.  It is

FURTHER ORDERED that the hearing set for November 3, 2005, is vacated.  It is

FURTHER ORDERED that the Second Amended Complaint and cause of action are dismissed, without prejudice to Plaintiff filing his state claims in State Court.

DATED at Denver, Colorado, this __19__ day of October, 2005.

BY THE COURT:

s/ Zita L. Weinshienk
_____

ZITA L. WEINSHIENK,  Senior Judge
United States District Court

---

[4] See e.g. Poly Trucking, Inc. v. Concentra Health Servs., Inc., 93 P.3d 561 (Colo. App. 2004).