IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-1778-ZLW-BNB

DALE HUFFMAN,

    Plaintiff,

v.

WESTMORELAND COAL COMPANY, a Delaware
corporation,

    Defendant.

---

## ORDER

---

The matter before the Court is Defendant's Motion For Attorneys' Fees And Expenses Pursuant To The Colorado Wage Claim Act, C. R. S § 8-4-110.

In his September 16, 2005, brief in response to Defendant's Motion For Summary Judgment, Plaintiff expressly stated that he "is confessing Defendant's Motion For Summary Judgment" on his first, fourth, fifth, sixth, seventh, and ninth claims for relief.[1]  Summary judgment was granted on those claims based on Plaintiff's confession.  The Court dismissed the remaining supplemental state claims (claims two, three, eight, and ten) under 28 U.S.C. § 1367(c)(3) without prejudice to Plaintiff re-filing those claims in State Court.  Because Plaintiff confessed, i.e., *conceded*, Defendant's

---

[1] Plaintiff Dale Huffman's Response To Defendant's Motion For Summary Judgment, filed September 16, 2005, at 1.

summary judgment motion as to the first, fourth, fifth, sixth, seventh, and ninth claims, the Court's entry of summary judgment on those claims was an adjudication on the merits. Plaintiff did not file a motion to voluntarily dismiss the claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2); rather, he acknowledged that *summary judgment should be entered* on the claims.

Defendant now contends that it is entitled to its attorney's fees and costs on Plaintiff's fourth claim for violation of the Wage Claim Act (WCA) pursuant to Colo. Rev. Stat. § 8-4-110. Under § 8-4-110, if the employee fails to recover a greater sum on his or her WCA claim than the amount tendered by the employer, then "the employee shall pay the cost of the action and the employer's reasonable attorney fees incurred in such action."[2] Plaintiff responds that Defendant is not entitled to fees, relying on Van Steenhouse v. Jacor Broadcasting of Colorado, Inc.,[3] in which the plaintiff "dropped" her WCA claim either before or during trial.[4] The defendant in Van Steenhouse moved for its attorney's fees under the predecessor statute to § 8-4-110, former Colo. Rev. Stat. § 8-4-114, which provided that the "winning party" on a WCA claim is entitled to its reasonable attorney's fees.[5] The Colorado Supreme Court analogized to fees awarded

---

[2] Colo. Rev. Stat. § 8-4-110(1).

[3] 958 P.2d 464 (Colo. 1998).

[4] Id. at 466. The opinion does not specify whether the plaintiff dismissed the WCA claim with or without prejudice. In fact, the trial court never formally dismissed the claim. Id. at 466 n. 4.

[5] Defendant argues that it is entitled to fees "under either version of the statute." Defendant's Motion at 3 n.1.

to the "prevailing party" under 42 U.S.C. § 1988, finding that "[f]or purposes of section 1988, a procedural victory is insufficient to justify an award of attorney fees."[6] The Court noted that "[i]n order to qualify as a prevailing party, a litigant must receive 'at least some relief on the merits.'"[7] Thus, because plaintiff voluntarily dismissed her WCA claim, "the trial court never ruled on the claim and never provided formal relief on the merits for either party."[8]

Van Steenhouse differs materially from the present case because, here, Plaintiff did not voluntarily dismiss his first, fourth, fifth, sixth, seventh, and ninth claims. In order to do so, he would have had to file a motion pursuant to Fed. R. Civ. P. 41(a)(2), and he did not. Rather, he expressly *confessed Defendant's summary judgment motion* as to those claims. A confession is an admission on the merits.[9] Thus, Defendant did not achieve a mere "procedural victory;" it prevailed on the merits on six of Plaintiff's claims. Faced with a motion for fees, Plaintiff cannot now try to re-characterize his express confession as something other than what it was: a statement to the Court that

he was conceding Defendant's summary judgment motion on the merits as to those claims. Defendant is entitled to fees and costs under Colo. Rev. Stat. § 8-4-110.

---

[6] Id. at 468, citing Doe v. Busbee, 684 F.2d 1375, 1380 (11th Cir. 1982).

[7] Id., quoting Hewitt v. Helms, 482 U.S. 755, 760 (1987).

[8] Id. at 468-69.

[9] See BLACK'S LAW DICTIONARY 293 (7th Ed. 1999) ("confess" means "[t]o admit an allegation as true.").

Defendant requests a total of $112,387.50 in attorney's fees and $3,661.71 in costs. These fees and costs cover almost all of the work of Defendant's counsel in this ten-claim case. However the only fee-bearing claim is the WCA claim, and four of Plaintiff's ten claims remain to be litigated in State Court. Defendant nonetheless argues that because all of Plaintiff's claims (except his ADEA claim) were based on the same allegation, Defendant should be awarded substantially all of its attorney's fees because its counsel would have had to perform all of that work even if the WCA claim had been the only claim in the case. Defendant cites to Reazin v. Blue Cross and Blue Shield of Kansas,[10] in which the Tenth Circuit held that the plaintiff was entitled to all of its fees as the "prevailing party" under the applicable fee-shifting statute even though it did not prevail on all of its claims, since the claims were based on a common core of facts and the plaintiff achieved the overall relief that it had sought.[11] Defendant also cites to an unpublished Tenth Circuit case holding that the trial court had discretion to decline to apportion fees between factually intertwined claims, even though only one of the three claims provided for fee-shifting.[12] However, the cited cases do not address the unique circumstances presented here. Even though the Court cannot carve out

---

[10] 899 F.2d 951, 980 (10th Cir. 1990).

[11] See also Robinson v. City of Edmond 160 F.3d 1275, 1283-84 (10th Cir. 1998); Smith v. Northwest Fin. Acceptance, Inc, 129 F.3d 1408, 1418-19 (10th Cir. 1997); Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

[12] County Line Investment Co. v. Tinney, 1991 WL 114703 (10th Cir.).

attorney work pertaining to the WCA claim because all of the claims (except the ADEA claim) were factually intertwined, Plaintiff will recover most if not all of the relief that he requested in this case if he prevails in State Court on his remaining claims.  In Hensley, the U.S. Supreme Court, addressing whether a party is the "prevailing party" under a fee-shifting statute when its succeeds on only some of its claims, determined that the "district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.  The court necessarily has discretion in making this equitable judgment."[13]  Although Hensley differs from the present case in certain respects, it nonetheless appears that this general principle also can be applied here.  Under the unique circumstances of this case, where only one out of the ten pleaded claims carried a fee-shifting statute, all claims were based on the same core facts, and Plaintiff still could recover substantially all of his requested relief in State Court, the Court determines that Defendant should recover one-tenth, or 10%, of its reasonable fees.  For the same reason, the Court awards Defendant 10% of its reasonable costs.

Defendant's counsel's partner rate of $360/hour, associate rate of $200/hour, and paralegal rate of $100/hour are reasonable for attorneys of like skill and experience in this locality.  However, the Court does find some of Defendant's counsel's billings to be excessive.  Specifically, the Court finds that the 25.25 hours billed by the associate for researching affirmative defenses to be pleaded in

---

[13] 461 U.S. at 437.

Defendant's Answer are excessive, and reduces that billing by 17.25 hours to eight hours. The Court also finds that associate time for "organizing and indexing" Rule 26 documents is not recoverable as attorney time, and therefore reduces the 13.25 hours billed for "organizing, indexing, and reviewing" by 9.25 hours to 4 hours. The Court finds that the 99.75 hours billed by the associate for researching and drafting Defendant's summary judgment motion are excessive, and reduces that billing by 39.75 hours to 60 hours. Therefore, the Court reduces the $112,387.50 in requested fees by $13,250 (66.25 hours at $200/hour), to $99,137.50. Ten percent of that total is $9,913.75. Thus, the total fee award to Defendant shall be $9,913.75.

While Plaintiff relies on Callicrate v. Farmland Industries, Inc.[14] in arguing that costs should be determined by the State Court, Callicrate does not apply here because the State Court will not be hearing any WCA claim, and thus it cannot award costs on Plaintiff's WCA claim pursuant to Colo. Rev. Stat. § 8-4-110. The Court finds that Defendant's requested costs are reasonable, but awards only 10% of the claimed costs, for the reasons set forth above. Accordingly, it is

ORDERED that Defendant's Motion For Attorneys' Fees And Expenses Pursuant To The Colorado Wage Claim Act, C. R. S § 8-4-110 is granted in part. It is

FURTHER ORDERED that Defendant is awarded reasonable attorney's fees in this action in the amount of $9,913.75. It is

---

[14] 139 F.3d 1336, 1342-42 (10th Cir. 1998).

FURTHER ORDERED that Defendant is awarded its reasonable costs in this action in the amount of $366.17.

DATED at Denver, Colorado, this   22   day of December, 2005.

BY THE COURT:

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court